### JOHN A. CLARK *vs.* JULIUS H. RICE.

GRAND ISLE,  
*January,*  
1834.

Where there were several counts in a declaration, and before empannelling the jury the defendant offered plaintiff a judgment on the first count which he declined, and upon trial the jury found a verdict for the plaintiff on the first count, and for the defendant on the others.

*Decided,* that the plaintiff take all his costs as of a judgment, but no costs for the trial by jury.

The English practice of taxing costs for both parties in a suit where issues are so found, has never been adopted in this state.

When the action was called for trial, and before the jury were empannelled, the defendant offered the plaintiff to permit him to take a judgment on the first count in his declaration, which the plaintiff declined. The cause proceeded to trial, and the jury found for the plaintiff on the first count, and for the defendant on all the other counts. The plaintiff claimed the costs of the jury trial, and the defendant claimed his cost on the counts on which he prevailed.

*Counsel for defendant.*—The common law did not allow cost to either plaintiff or defendant, the amercement of the vanquished party being his only punishment. But costs were sometimes included in the damages in actions in which damages were given.—2 Bla. C. 399.—1 Bacon Abr. 516.

GRAND ISLE,
January,
1834.

Clark
vs.
Rice.

The statutes Gloucester, Marlbridge and Westminster, gave the plaintiff cost in addition to his damages, and by the statutes 23d Hen. VIII. and 4 James I. the defendant is allowed cost where he prevails in the suit. By the latter statute it is enacted " That if in any action the plaintiff shall become nonsuit, or any verdict pass by lawful trial against him, the defendant shall have judgment for his cost."

Under these statutes, the English courts have decided, that where there are two separate causes of action in the same record, on one of which the plaintiff succeeds, and on the other a verdict is found for the defendant, the court is bound to give two distinct judgments for the defendant to recover his cost on the issues found for him, and for damages and cost on the isues found for the plaintiff.— *Day* vs. *Hanks*, 3 T. R. 654.—8 T. R. 469.—5 East. 261.

Our statute, page 301, gives cost to the party recovering; and it is insisted that our statute should receive the same construction as is given by the English courts to the statute 4 James I.

The opinion of the court was pronounced by

MATTOCKS, J.—We do not think it advisable to adopt the English practice of taxing cost both ways, where some of the issues are so found. The practice here has been otherwise, and it would be likely to occasion some troublesome contention whether the counts were for different causes of action, or whether they were synonymous. And although sometimes plaintiff joins a forlorn claim with a just one, yet the defendant can generally obviate this difficulty by a tender or bringing the money into court. But in this case, as the defendant tendered the plaintiff judgment for all that was due, let the plaintiff take all his cost as of a judgment, but no cost for the trial by jury.