BENJAMIN BISHOP AND ZENO D. BISHOP *v.* CHARLES F. WARNER.

The *ad damnum*, in a writ returnable before a justice of the peace, is taken as a test of apparent jurisdiction only in cases, where the declaration does not otherwise limit the extent of the plaintiffs' claim. In an action of debt upon judgment, the plaintiffs' demand is limited to the amount of the judgment described in the declaration and the interest upon it; and if that amount be within the limit of the justice's jurisdiction, the excess of the *ad damnum*, beyond that amount, will be treated as unmeaning, for any purpose of affecting jurisdiction.

AUDITA QUERELA. The plaintiffs alleged in their complaint, that the defendant, Warner, prayed out a writ of attachment in his favor against the plaintiff Benjamin Bishop, as principal debtor, and

Bishop et al. *v.* Warner. ˙

therein summoned Zeno D. Bishop as trustee, in an action of debt upon a judgment,—which writ was made returnable before Lyman Cummings, a justice of the peace, on the twenty third day of October, 1846, demanding damages fifty dollars; that said writ was duly served and returned; and that afterwards, at some time unknown to the plaintiffs, Warner fraudulently, and without law, or right, procured said justice,—not having any jurisdiction of said cause,—to render a judgment therein against Benjamin Bishop, as principal debtor, and Zeno D. Bishop, as trustee, for $32,30 damages, and $2,34 costs, and had taken execution thereon, which he had caused to be levied upon the property of Zeno D. Bishop. Plea, the general issue, and trial by jury, September Term, 1848.

On trial the plaintiffs gave in evidence the trustee process in favor of Warner against them, mentioned in their complaint,—from which it appeared, that the cause of action, described in the declaration in that suit, was a judgment, rendered by a justice of the peace September 25, 1846, in favor of Warner against Benjamin Bishop, for $30,57 damages, and $1,53 costs. The *ad damnum* was fifty dollars. And it appeared by the record in said suit, that judgment was rendered therein against the principal debtor and trustee, by default, October 23, 1846, for $32,30 damages, and $2,34 costs. The plaintiffs also gave in evidence the execution, issued upon the last mentioned judgment, described in their complaint.

The court, upon this evidence, rendered judgment for the defendant. Exceptions by plaintiffs.

*A. Peck* and *L. Underwood* for plaintiffs.

The defendant having pleaded the *general* issue only, and the plaintiffs having proved the allegations in their complaint, they are entitled to judgment. By the pleadings nothing is put in issue but the truth of the complaint. The sum demanded in the writ before the justice was fifty dollars,—which, as the law then was, was not within the jurisdiction of a justice of the peace. The matter in demand in all cases, in which the *statute* does not define it, is the sum set in the *ad damnum*. Even in an action on book account, if the *ad damnum* show the case without the jurisdiction, the court cannot examine the evidence, to determine whether the *debit* side

of the plaintiffs' book is less than forty dollars, in order to hold the trustee ; and if judgment be taken against the trustee by default, it will be set aside on *audita querela.*

*S. Wires* and *W. W. Peck* for defendant.

The *matter in demand,* in a suit before a justice of the peace, under Rev. St. 190, § 2,* is that for which the plaintiff must recover, if he recover at all. In an action for a debt, specifically set forth, the matter in demand is the debt, as set forth. In an action upon a judgment, the matter in demand is the amount of the judgment, as described ;—the *ad damnum* is intended to cover only the interest, which may be allowed upon the judgment as damages, and hence, however large the *ad damnum* may be, it is no criterion of the demand. *Southwick* v. *Merrill,* 3 Vt. 320. *Hathaway* v. *Torry*, Brayt. 141. *Perkins* v. *Rich,* 12 Vt. 597. *Hill* v. *Wait,* 5 Vt. 124.

The opinion of the court was delivered by

Royce, Ch. J. The ground of complaint in this case was the alleged want of jurisdiction in the magistrate to render the judgment, and issue the execution, which the plaintiffs sought to have vacated. The original proceedings were had, while the statute limited the jurisdiction of a justice, in the trustee process, to cases where the matter in demand between the plaintiff and principal defendant did not exceed the sum of forty dollars. The complainants alleged, that the action before the justice was debt on judgment, demanding in damages the sum of fifty dollars; and they added an averment, that he had not jurisdiction of the suit, but gave no description of the judgment, on which the action was founded.

To establish the truth of the complaint, in answer to the plea of not guilty, the plaintiffs produced in evidence the record in the action before the justice ; by which it appeared, that the amount of the judgment then declared on was considerably less than forty dollars, but that the declaration concluded with an *ad damnum* of fifty dollars. It is now claimed, that the substance of the complaint was proved by that record ; and that, in conformity with intimations of

---

* By which it is enacted, that no trustee process shall be commenced before a justice of the peace, "when the matter in demand shall exceed the sum of forty dollars."

this court, to be found in *Harding* v. *Craigie*, 8 Vt. 501, and some other cases, the issue should have been found for the plaintiffs, without regard to the legal sufficiency of the matters alleged.

But it is only in cases, where the declaration does not otherwise limit the extent of the plaintiff's claim, that the *ad damnum* is taken as the proper evidence of it, or as a test of apparent jurisdiction. And in the action before the justice, the demand was defined with certainty upon the face of the declaration,—being limited by law to the amount of the judgment there described, and the interest upon it. So that any claim in damages for a greater amount was a claim for what the law could not give; and the excess should therefore be treated as unmeaning, for any purpose of affecting jurisdiction. It follows, that the evidence adduced, instead of sustaining, conclusively disproved, the averment, that the justice had not jurisdiction. And hence the finding and judgment in favor of the defendant were justified and required by the proof.

Judgment affirmed.