Edgerton *v.* Smith.

JACOB EDGERTON *v.* ENOCH SMITH, *appellant.*

*Jurisdiction.   Justice of the Peace.   Recognizance.*

In an action of debt upon a recognizance in the usual form to the defendant for the costs of prosecution, brought to recover the defendant's costs in the original action, the matter in demand, as respects the jurisdiction of the court, is the amount of such costs, and not the amount of the recognizance.

DEBT on a recognizance, brought into the county court by appeal from the judgment of a justice of the peace. The facts are stated in the opinion of the court. Upon the entry of the appeal in the county court, the defendant demurred specially on the ground that the court had no appellate jurisdiction.

The county court at the March Term, 1862, PECK, J., presiding, *pro forma* overruled the demurrer, and rendered judgment for the plaintiff, to which the defendant excepted.

*R. R. Thrall,* for the defendant.

*J. Prout,* for the plaintiff.

ALDIS, J. This is an action of debt on a recognizance. The recognizance was taken before the county clerk, in the sum of two hundred dollars, upon the issuing of a county court writ. It is in the form as expressed in the statute, " that the plaintiff shall prosecute his writ to effect, and shall answer all damages, if judgment be rendered against him." The plaintiff failed in his suit, and there was a judgment rendered for the present plaintiff, (the then defendant,) for his costs. The costs were assessed by the court at thirty-two dollars and sixty-six cents, and this is a suit brought before a justice of the peace upon the recognizance, setting forth the above judgment for thirty-two dollars and sixty-six cents for costs. The question is : had the justice of the peace jurisdiction ?

Justices have jurisdiction where the matter in demand does not exceed one hundred dollars. Is the matter in demand the amount of the recognizance, or only the judgment for costs, as stated in the declaration ?

1. If a judgment be rendered for the plaintiff in this suit, it must be, not for the amount of the recognizance, but for the thirty-two dollars and sixty-six cents costs recovered by this plaintiff, as defendant in the former suit.

2. All that this plaintiff can recover is the former judgment for costs. " The damages," which the defendant was recognized to answer, can not be anything more or other than the costs as taxed in that suit for the defendant. These were there ascertained, a judgment rendered for them, and that judgment is set forth in this declaration, on the recognizance, as the plaintiff's claim. It is the measure and extent of the plaintiff's possible recovery in this suit. He can not recover more. The matter in demand, then, in substance, must be less than one hundred dollars.

The recognizance is not like a recognizance for an appeal from a justice, or for a review under our old practice, where the party is recognized for intervening damages ; and where, there-

fore, the damages are open, not limited by a former judgment, or restricted by averments in the declaration. The case of *Clark* v. *Campbell*, N. Chip. 57, is relied on by the defendant ; but that was where the recognizance was substantially for intervening damages. The chief justice, in delivering the opinion of the court, says : " It is claimed that the costs are legal costs, and are capable of ascertainment by a known standard—the fee bill. But this is not so. The defendant, on the plaintiff's failing to prosecute, is entitled to be paid for his time spent and money expended in preparing for his defence. The damages are wholly at large, and are to be ascertained by assessment." The tenor of the opinion throughout favors the idea that when the damages and costs have been ascertained, and are fixed, and are set forth in the declaration, then the amount of such judgment, and not of the recognizance, is really the matter in demand.

In *Southwick et al.* v. *Merrill*, 3 Vt. 320, which was an action of debt on a judgment for five hundred and sixty-three dollars and fifty cents, brought in the county court, but which had been reduced on the record by an endorsement of five hundred and thirty three dollars and eighty-six cents, so as to bring the balance below one hundred dollars, although the endorsement was not stated in the declaration, the court held that the county court had no jurisdiction, and dismissed the action. PRENTISS, Ch. J., in delivering the opinion, says : "In actions on penal bonds, as the penalty is the debt at law, *and judgment is regularly to be entered up for that*, the question of jurisdiction must be determined by the amount of the penalty, without regard to the damages which the plaintiff may be entitled to recover on the breaches assigned. And in all cases where, by the rules of pleading, the plaintiff, in the form of action he adopts, is bound to declare for the original amount of his claim, *and can not demand in debt or damages*, according to the nature of his action, less, it is immaterial, as to the question of jurisdiction, what is the sum actually due." It is quite plain that in debt on recognizance, to recover a former judgment for costs, the plaintiff can not only demand in debt the sum then due, but by averring it in his declaration, is bound to prove it, and can not recover more.

The old mode upon all penal bonds was to render a judgment for the penalty, and on motion to chancer the bonds,—as is still the case upon bonds given in criminal cases.

But we are not aware that in actions of debt upon recognizances for costs, it has ever been the practice to render a judgment for the whole amount of the recognizance. It is only by holding that strictly and technically the recognizance is the debt, that we can say that it is the matter in demand, and must therefore be the measure of jurisdiction. We do not deem it wise to adhere to a technicality, which is not and can not be true in fact, which theoretically makes the plaintiff's claim what his averments upon the record deny it to be, and what he can not be permitted to either claim or prove; when the only effect of adhering to such a fiction is to oblige parties to resort to a jurisdiction, and to incur costs and expenses which the law never intended they should be burdened with.

The tendency of the decisions in this state has been to conform the practical jurisdiction of our courts to the actual claims and rights of the parties, as regulated by our legislation ; and to incline to sustain the jurisdiction, when resorted to in good faith.

The case of *Hair* v. *Bell*, 6 Vt. 33, where an entire contract for work, to the amount of one hundred and eighty dollars, with averments showing the amount due to be less than one hundred dollars, was brought before a justice ; of *Bishop* v. *Warner*, 22 Vt. 591, where the *ad damnum* exceeded one hundred dollars, but the judgment described was within a justice's jurisdiction ; of *Parkhurst* v. *Spalding*, 17 Vt. 527, where the judgment was less than one hundred dollars, but with interest would exceed one hundred dollars, and the *ad damnum* was only one hundred dollars, and on appeal to the county court the declaration filed there claimed to recover only the *debt* and not *damages* or interest, show how the forms of proceedings give way to the actual claims of the parties in determining the question of jurisdiction.

In this case we think the justice had jurisdiction, and the judgment of the county court is affirmed.