WILLIAM SHEPHERD *v.* JEREMIAH BEEDE & WM. P. BRIGGS, TRUSTEE.

*Book Account. Jurisdiction. Motion to dismiss. Statute.*

The Statute, defining and limiting the jurisdiction of the several Courts in this State, in the action of Book Account, has reference to the *debit* side of the book, at the commencement of the suit, and if the court had not jurisdiction at that time, no subsequent act or dealings between the parties, will confer jurisdiction.

Chapter 39, and Sec. 9, of the Compiled Statutes of 1850, directing the Auditor to examine and adjust the accounts of the parties, to the time of making up the report, has reference to cases commenced before a court having jurisdiction of the case at the time the suit is commenced.

If the case is not within the jurisdiction of the court at the time of the commencement of the suit, the same will, on motion, be dismissed in any stage of the proceedings.

BOOK ACCOUNT. Judgment to account was rendered in the County Court, and an Auditor was appointed, who reported, with other facts, the following:

The *debit* side of the plaintiff's book, at the time of the commencement of the suit, was less than one hundred dollars. The defendant moved that the action be dismissed, for the reason that the court had no jurisdiction of the same. The County Court, September Term, 1851, POLAND, J., presiding, dismissed the action for want of jurisdiction. Exceptions by plaintiff.

*A. B. Maynard* for plaintiff.

*W. P. Briggs* for defendant.

The opinion of the court was delivered by

ISHAM, J. The question in this case arises on a motion to dismiss. The action was on Book Account, and was commenced originally before the County Court. From the report of the Auditor, we ascertain that at the commencement of the suit, the debtor side of the plaintiff's book was less than one hundred dollars. But at the hearing before the Auditor, the account had been increased by the payment of the money charged in the last item of the account. So that the question arises, whether the jurisdiction

of the court before which the suit is commenced, is to be determined by the state of the account at the commencement of the suit, or at the hearing before the Auditor.

Jurisdiction is given by the Compiled Statutes, 233, Secs. 20 and 21, to Justices of the Peace, in actions on book, when the matter in demand does not exceed one hundred dollars, and this is to be determined by the debtor side of the plaintiff's book. Original jurisdiction is given to the County Court only when it exceeds that amount. When this suit was commenced, the subject matter was exclusively within the jurisdiction of a Justice, and no facts existed that would at that time enable the County Court to entertain jurisdiction of the case. The Statute defining and limiting the jurisdiction of the several courts in this State in this form of action, has reference to the *debit* side of the book at the commencement of the suit, and if the court had not jurisdiction at that time, no subsequent act or dealings between the parties will confer it.

The 9th Sec. of the act, page 290 of the Compiled Statutes, directing the Auditor to examine and adjust the accounts of the parties to the time of making up the report, has reference to cases commenced before a court having jurisdiction of the case; and was intended, either to introduce the same principle which prevails in adjusting accounts before auditors, in the common law action of accounts, or to confer a right which did not exist in other actions, in adjudicating claims that arose after the commencement of the suit. If in this case the *debit* side of the plaintiff's book had exceeded one hundred dollars at the commencement of the suit, the last item of charge could have been adjusted by the Auditor under that provision of the act. But as no claim at that time had accrued, for the money paid, and no right to charge the same on book, existed, it could not enter into any computation in ascertaining the amount of the matter in demand, or the amount of the *debit* side of the plaintiff's book, and should not for that reason have any effect in determining the original jurisdiction of the court before which the suit should be commenced.

The rule applied to other forms of action, has equal application to this. That the subject matter of the suit must be within the jurisdiction of the court at the time of its commencement, or the same will, on motion, be dismissed in any stage of the pro-

XXIV. 4

ceedings, as soon as discovered. 3 Vt. Up. 320, *Southwick et al.* v. *Murrill.* 13 Vt. Up. 175, *Stoughton* v. *Mott.*

In the case of *Witherell et al.* v. *Evarts,* 17 Vt. Up. 219, it was held by this court that a suit could not be commenced originally in the county court where the whole account of the plaintiff accrued subsequent to the commencement of the action, and prior to the hearing before the Auditor. And that principle, it would seem must be conclusive in this case. For there is no more right to call upon the defendant *to account before the county court* in this case, than there was in that, *when the suit was commenced,* and if that right did not *then exist,* the action cannot be sustained.

The judgment of the county court must be affirmed.