*John Mattocks*, for plaintiff.
*William Griswold*, for defendant.

———————

NATHAN GLIDDEN, Appellant,
*against*
DAVID ELKINS, Sheriff, Appellee.

Whenever the
Court discover
that their ju-
risdiction of a
cause has been
expressly taken
away by sta-
tute, they will
dismiss the
same *perempto-
rily.*

CASE for a voluntary escape. For that the plaintiff, on the 5th of *January*, 1801, by the consideration of Mr. Justice *Blanshard*, recovered judgment against one *Levi Osgood*, for the sum of 7 *dols.* 23 *cts. damages, and* 3 *dols.* 6 *cts. costs of suit ;* that he had taken out a *pluries* execution, and delivered

Glidden<br>
v.<br>
Elkins.

the same to the defendant to serve and return; that the defendant arrested *Osgood*, committed him to prison, and then voluntarily permitted him to escape.

General issue pleaded, and joinder.

Upon the opening of the cause to the Jury, the Court noticed, that the amount of the plaintiff's claim was not within the jurisdiction of the Court, and ordered a nonsuit to be entered.

*Ware*, for the plaintiff. We hope the Court will not notice a want of jurisdiction, unless submitted to their consideration by proper issue. The Court may know that there is a misnomer or improper commorancy in a writ, but they never quash a process unless the defect is taken advantage of by the defendant in abatement. A party may waive exception to the jurisdiction.

*Curia.* There is a wide distinction between a mere dilatory plea as a matter of abatement, which is often cured by imparlance, and is the subject of jeofails, and a want of jurisdiction, which cannot be cured by successive imparlances, or be reached by amendment. A party cannot give jurisdiction by waiver of plea. This Court have ever considered that jurisdiction cannot be created in them where it is expressly, by even consent of parties, much less by the laches of a party in neglecting to plead, an available plea.

*Where jurisdiction is expressly taken from a Court by statute, it cannot be created in them by consent of parties, much less by the laches of a party in neglecting to plead an available plea.*

The Legislature, with a laudable design to prevent the accumulation of costs in small suits, have given original jurisdiction to Justices of the Peace, and appellate jurisdiction to the County Courts, of all suits where the demand is above seven dollars, and

Glidden
v.
Elkins.

where it does not exceed thirty-three dollars in unliquidated, and fifty-three dollars in liquidated demands, to the exclusion of any jurisdiction in this Court. This beneficial statute had formerly been construed to give concurrent jurisdiction to the County Courts and Justices of the Peace. But the Legislature, at their last session, passed an explanatory act, which enacts, " that the several County Courts shall not hear, determine, or adjudge, on any action or suit which is originally made cognisable before a Justice of the Peace, unless such action or suit shall be entered in such Court by appeal."

*Vermont* Stat. vol. 1. p. 101. passed *Nov.* 5, 1801.

. The Court are gratified in observing, that *this* action was commenced before the passing of the explanatory act, at a time when the right of bringing it originally before the County Court it seems had been considered by some as proper ; for it certainly would not have been correct in an officer of this Court to have instituted an action in the face of the explanatory statute. But if such cases should happen, the Court will at any stage of the cause, direct such action to be dismissed, with costs to the defendant.

Let a nonsuit be therefore entered, and full costs be taxed for the defendant.

Nonsuited.

*Jonathan Ware,* for the plaintiff.
. *Daniel Buck* and *John Mattocks,* for defendant.