JOHN M. WOODRUFF *v.* HARVEY HINMAN.

If any part of the conditions of an entire contract be against law, the contract is void *in toto.*

THIS was an action upon a promissory note. Plea, general issue, and trial by jury.

The execution of the note was admitted.

The defendant gave evidence tending to show that the note in suit was given under the following circumstances:—One Thomas Lamphier, some time during the preceding winter, gave in payment to the plaintiff two $5 counterfeit bills, knowing them to be such at the time. The plaintiff obtained a warrant from a justice of the peace of Caledonia county, upon the complaint of a town grand juror of the town of Barnet, for the apprehension of said Lamphier for said offence. This warrant was procured by an attorney employed by plaintiff and put by plaintiff into the hands of Archelaus Cummings, jr., postmaster of Canaan, with instructions to use his best endeavors to have him arrested thereon, and that he should be liberally rewarded. Cummings gave it to the defendant, who was constable of Canaan, who arrested said Lamphier and carried him to Barnet, Vermont, with the assistance of Tyrus H. Downer, a keeper. Lamphier was anxious to settle the matter. The plaintiff took the note in question, signed by the defendant and Downer, as sureties. The note included said $10, counterfeit money, and a bill of fees and expenses, in which bill was included the complaint and warrant and service, the fees of the attorney employed by plaintiff, $10 to said Cummings for his assistance, and all other expenses of said prosecution, with the fees of said justice, grand juror and officer. The prosecution was thereupon discontinued, by direction of said attorney, but whether before or after the giving of the note did not appear. The court instructed the jury, that, if they believed the testimony, the consideration was illegal and void, and no recovery could be had thereon against the defendant. Whereupon, a verdict passed for the defendant, and the plaintiff excepted.

*M. Hale,* for plaintiff.

The ten dollars, included in the note for the counterfeit bills admitted to have been passed by Lamphier, was, so far,

a good consideration, and, to that extent, the plaintiff is, at all events, entitled to recover. "The common law doth decide according to common reason, and, having made that void that is against law, lets the rest stand. 2 Kent's Com. 3 Ed. 467. *Greenwood* v. *Bishop of London*, 1 Com. L. R. 250. 8 East's R. 235. 15 do. 444.

*C. Davis* and *N. H. Joy*, for defendant.

A part of the consideration of the note being illegal, the whole note is void. *Collins* v. *Blantern*, 2 Wils. R. 341 *Harding* v. *Cooper*, 1 Stark. R. 379. *Badger* v. *Williams*, 1 D. Chip. R. 137. *Pool* v. *Bousefield*, 1 Camp. R. 55. *Beeley* v, *Wingfield*, 11 East's R. 46. *Sugar* v. *Brinkworth*, 4 Camp. R. 46. *Pilkington* v. *Green*, 2 B. & P. R. 151. *Hinesburg* v. *Sumner et al.* 9 Vt. R. 23.

In this case the court delivered no formal opinion, the judge who was expected to assign the reasons of the court having been unexpectedly called away before the close of the term. The judgment of the county court was affirmed, and the following opinion was drawn up by

REDFIELD, J.—In the present case, the principal consideration of the note sued being the costs and expenses of a criminal prosecution and the discontinuing the same, which the plaintiff had no right to do, the counsel for the plaintiff do not even argue that the consideration is valid to the full extent of the contract. But as there was included in the note $10 which the plaintiff was entitled to receive of the defendant, he claims that the contract shall be held good to that amount.

There can be little doubt, I apprehend, at the present day, that a consideration of the character set forth in the bill of exceptions is against law and void. *Hinesburg* v. *Sumner et al.* 9 Vt. R. 23. *Armstrong* v. *Toler*, 11 Wheat. R. 258, and cases cited in note. *Dixon* v. *Olmstead*, 9 Vt. R. 310, and the case of *Swasey* v. *Mead & Chase*, there referred to.

If a part of the consideration be *invalid* simply, and not unlawful, the contract is binding. Yelv. 56. *Pikard* v.

CALEDONIA,
*July*,
1839.

Hinman
*v.*
Woodruff.

*Cottle*, 1 Com. on Contracts, 26.   8 Mass. R. 51, by Sedgwick J.

But it is fully settled, that when any portion of the entire consideration of a contract is against law, that the whole contract is illegal and void, and cannot be enforced.   Cases cited above.   If part of the consideration of a bill of exchange be the sale of spirituous liquors contrary to law, though the other part be money lent, the entire contract is void, and no part of it can be enforced.   *Scott* v. *Gilman*, 3 Taunt. R. 226.   *Frotherston* v. *Hutchinson*, Cro. Eliz. 199.   *Crawford* v. *Morell*, 8 Johns. 253.   The court have not been able to perceive any ground upon which the plaintiff can be permitted to recover upon this note, even to the amount of what was justly due him.   This is but a reasonable punishment for including with his just due that which he had no right to take.