## EPHRAIM THAYER *v.* JOHN MONTGOMERY.

### *Justice of the Peace. Jurisdiction.*

A justice of the peace has no jurisdiction in an action of account, between tenants in common of land; as the defendant may plead in bar, that he was never bailiff and receiver of the plaintiff, and thus put the plaintiff upon the proof of his whole declaration, which would bring in question the title to the land.

Where the title of land is concerned in the action, and the justice has no jurisdiction, the defect may be taken advantage of at any time, during the pendency of the action.

THIS was an action of account, in which the plaintiff declared against the defendant, as " tenant in common of Lot No. 8, in the first division in Braintree, or a part thereof, with the plaintiff from, &c., and during this time received more than his share of the wood, timber, rents and profits of the same," &c.

The action was originally commenced before a justice of the peace, and the defendant moved to dismiss for want of jurisdiction, which motion was overruled; and the case appealed to the county court.

The defendant, in the county court renewed his motion to dismiss, on the ground that the title of land was concerned. The County Court, January Term, 1854,—COLLAMER, J., presiding,—sustained the motion of the defendant, and dismissed the action.

Exceptions by plaintiff.

*J. P. Kidder* for plaintiff.

I. This action *may* involve the title of land; but it does not necessarily involve that question, for the reason, that there is no *general issue* in the suit. 1 Chit. Pl. 524.

If no special plea is filed, the defendant's liability to account is conceded; then the only question remaining for litigation is as to the amount in arrear, which would in no sense involve the question of title.

There is a large class of cases, where the title is necessarily involved, for the reason, that, upon the plea of the *general issue*, which is always supposed to be pleaded in the absence of any other, the plaintiff's first step must be to prove his title.

The cases, *Whitney* v. *Brown*, 11 Vt. 250, *Haven* v. *Needham*, 20 Vt. 183, and *Shaw* v. *Gilfillan*, 22 Vt. 565, relied upon by the defendant, are all actions on the case, wherein, under the general issue, title to land was, not only *directly*, but necessarily concerned.

2. In the action of account, there being no general issue, if no plea is specially filed, judgment to account is rendered which precludes raising the question of title. The question of title, then, is not necessarily involved, and unless raised by the pleadings, is not concerned. *Whitman* v. *Pownal*, 19 Vt. 223..

In the case last cited the Judge, who delivered the opinion of the court, said, " It is left, then, to be determined by the pleading subsequent to the declaration, whether it comes within the statute."

The tenancy in common, in the case at bar, is not traversed, how then, can the court see, that the "*title of land is concerned?*"

The motion before the justice was merely to dismiss, without any allegation that the tenancy in common is denied, which he overruled, and proceeded to adjudicate the accounts. This being the case, I am inclined to the opinion, that the appellate jurisdiction of the county court cannot in any mode be affected.

3. In an action of assumpsit for rent, wherein the plaintiff would have to show the relation of landlord and tenant to exist, that a justice has jurisdiction cannot be denied; and in other actions where the title of land is concerned. *Vide Whitman* v. *Pownal*, *Haven* v. *Needham*.

4. A justice has jurisdiction of the action. *Chadwick et al.*, v. *Divol*, 12 Vt. 499.

*P. Perrin* and *J. B. Hutchinson* for defendant.

1. Where the title of land is concerned, a justice of the peace has no jurisdiction. Comp. Stat. 233 § 20. *Whitney* v. *Bowen*,

Thayer *v.* Montgomery.

11 Vt. 250. *Haven* v. *Needham,* 20 Vt. 183. *Shaw* v. *Gilfillan,* 22 Vt. 565. *Prindle* v. *Cogswell,* 9 Vt. 183.

The jurisdiction of a justice is expressly given by statute, and is not a common law jurisdiction, and cannot be implied or extended. *Paine* v. *Ely,* 1 D. Chip. 37.

The plaintiff's writ and his testimony must both show a case within the jurisdiction of a justice. *Bates* v. *Downer,* 4 Vt. 178.

2. It was not necessary to plead any special plea in this action. The motion to dismiss was in order at any time. The title of land was the first thing in issue, and the justice then should have imimediately dismissed the case without any motion. Where the court have not jurisdiction of a suit, no neglect of defendant to plead such want of jurisdiction, or agreement even, of the parties, will avail to give the court jurisdiction. *Glidden* v. *Elkins,* 2 Tyler's R. 218.

The opinion of the court was delivered by

REDFIELD Ch. J. This is an action of account between tenants in common of land, commenced before a justice of the peace, and brought into the county court by appeal, and then dismissed, for want of jurisdiction in the justice. The only question made is, whether the title of land is concerned in the action. It is true, that in form there is no general issue in this action. But the defendant may plead in bar, that he was never bailiff and receiver of the plaintiff, in the manner alleged in his declaration, and this puts the plaintiff upon the proof of his whole declaration. In that case the very first step in the proof is, to show the title out of which the relation grows, and from which results the obligation to account. Under our statute it is not necessary to allege, or prove, any contract between the parties. The action goes mainly, and merely, upon the title. And this denial of being bailiff and receiver, is the most common form of pleading, if the obligation to account is contested. And if the action is contested the title must be shown, if it is denied. The title is then as necessarily, and as directly concerned, in this action, as in an action of covenant, on the covenants in a deed of lands. There is in that action no general issue, as applicable to the covenants, the general issue being *non est factum,* and this only putting the party, upon proof of his deed, which does not involve any inquiry, into the title

of land. But inasmuch, as the title of land is involved, in the trial of the action, on its general merits, it has been held, that a justice, has no jurisdiction of the action. *Hastings* v. *Webber*, 2 Vt. 407. We can entertain no doubt the title of land was concerned in this action, and that the justice consequently had no jurisdiction. This objection need not necessarily be moved at the first term. It is a defect which may be taken at any time, during the pendency of the action, and would probably render any judgment, which should have been rendered in favor of the action, void, if the defect appeared, as it must, upon the face of the proceedings.

Judgment affirmed.