### HIRAM MILLER *v.* OLIVER H. POTTER.

#### Audita Querela. *Jurisdiction.*

1. A writ was issued, and judgment rendered, by a justice of the peace, against the plaintiff while he was insane and under guardianship. *Held*, that *audita querela* will lie to set aside such judgment ; that, by force of the statute the justice had no power to issue a writ against the ward ; that all the proceedings were *coram non judice*; and that consent cannot confer jurisdiction in such a case.

2. R. L. s. 2476, ward not to be sued—construed.

3. Damages allowed.

AUDITA QUERELA, to set aside a judgment rendered by a justice of the peace against the plaintiff in this case. Trial by court, December Term, 1880, Lamoille County, POWERS, J., presiding. A judgment was rendered for the defendant, the court holding that the guardian had so far submitted to the jurisdiction of the justice, and had so far participated in the justice trial, resulting in the judgment complained of, that he was not entitled to relief. It was admitted or proved that the plaintiff was under guardianship by appointment of the Probate Court ; that the plaintiff and defendant had mutual unsettled accounts ; that defendant notified the guardian of his debt against the ward ; and that the guardian

took no measures to pay him. The defendant offered to show by parol the acts and agency taken by the guardian in the defence of said suit before the justice, which was admitted against the plaintiff's objection and exception. From such parol proof the court found the fact that said guardian in his capacity as guardian undertook and assumed the defence of said suit, employed counsel, called for and was allowed a jury, presented an account in offset in favor of Miller against said Potter, and in all respects defended said suit as fully as though he was a proper party thereto. It also appeared that after the jury was impanelled the guardian through his counsel offered to show in abatement of the suit that it was improperly brought against Miller, and that the justice overruled the plea on the ground that it was a dilatory objection and not seasonably offered.

*Hendee & Fisk*, for the plaintiff.

The justice had no jurisdiction ; and the whole procceding before him was void. *Audita querela* will set the judgment aside. 18 Vt. 247 ; 16 Vt. 247 ; 2 Vt. 407 ; 21 Vt. 199 ; 17 Vt. 73. The appearance of the ward, or his guardian, can make no difference. *Ball* v. *Sleeper*, 23 Vt. 573 ; 2 Tyler, 218 ; 27 Vt. 533 ; 26 Vt. 491.

And if the court at any time discover a want of jurisdiction they will dismiss the suit without motion. *Havens* v. *Needham*, 20 Vt. 188 ; *Foster* v. *Bennett*, 33 Vt. 66 ; *Shaw* v. *Griffin*, 22 Vt. 575 ; *Glidden* v. *Elkins*, 2 Tyler, 218 ; *Thayer* v. *Montgom ery*, 26 Vt. 491 ; *Hill* v. *Waite*, 5 Vt. 124 ; *Richardson* v. *Den nison*, 1 Aik. 310.

*Brigham & Waterman*, for the defendant.

*Fuller* v. *Smith*, 49 Vt. 253, is full authority for sustaining the justice judgment. The ward is bound by the action of his guardian,—in employing counsel, appearing in court, submitting to the jurisdiction of the justice court, &c. 28 Vt. 5 ; 2 Tyler, 50.

The opinion of the court was delivered by

Ross, J. The single question presented for consideration, is, whether the justice had jurisdiction to issue the writ, and render

the judgment sought to be set aside by the writ of *audita querela*. If he had such jurisdiction then what the guardian did in that suit, might probably be a waiver of the failure of the justice to appoint a guardian *ad litem* for the ward.   The plaintiff in this suit, and defendant in the judgment sought to be vacated, is an insane person, under guardianship, and was at the time the writ was issued in the justice suit.   By s. 2476 R. L., which was in force when the justice suit was brought, it is enacted : "No writ or execution shall be issued against a ward for a debt while he continues under guardianship."   This is as plainly prohibitory as language can make it.   The justice suit was for the recovery of an alleged debt of the ward.   Other provisions of the statute point out the method by which the debts against the ward at the time of the appointment of the guardian are to be adjusted. While under guardianship the control of the person and property of the ward is committed to the guardian, and it is made the guardian's duty to provide for the ward.   The statute quoted took away the jurisdiction of the justice of the peace over the process against the ward.   All his proceedings were as though no writ had been issued.   Want of jurisdiction of the process is as fatal to the further proceedings of the magistrate, as want of jurisdiction of the subject-matter.   *Aiken* v. *Richardson*, 15 Vt. 500 ; *Whitcomb* v. *Cook*, 39 Vt. 585 ; *Adams* v. *Whitcomb*, 46 Vt. 708. The latter case fully illustrates and decides this principle.   Where the court has jurisdiction of the process, and the subject-matter, and only lacks jurisdiction of the person of the defendant, the appearance of the defendant and participation in the suit gives jurisdiction over the person, by waiving the want of proper service.   But no such waiver can be made of want of jurisdiction of the process, or subject-matter.   Whenever and however knowledge of such lack of jurisdiction is brought to the court, it is its duty to stay further proceedings.   All its proceedings from the beginning are *coram non judice*.   Consent cannot confer jurisdiction in such a case.   *Glidden* v. *Elkins*, 2 Tyler, 218 ; *Thayer* v. *Montgomery*, 26 Vt. 491 ; *Rindge* v. *Green*, 52 Vt. 204.   It was, therefore, the duty of the justice court to have rendered judgment for the costs of the ward, as provided by statute, on its attention

being called to the fact that it had not jurisdiction of the process, and for that reason no jurisdiction to render judgment against the ward. Its judgment is wholly void, and will be set aside on *audita querela*. *Hastings* v. *Webber*, 2 Vt. 407 ; *Ball* v. *Sleeper*, 23 Vt. 573 ; *Glover* v. *Chase*, 27 Vt. 533.

The judgment of the County Court refusing the relief prayed for is therefore erroneous, reversed, and judgment rendered that the justice judgment is set aside and held for naught, and that the plaintiff recover as damages the amount of his taxable costs in the justice suit, to be ascertained by the clerk, and for his costs of this suit.