# LEON E. SANDERS v. FRED O. PIERCE.

### MAY TERM, 1896.

*Jurisdiction in county court.    Ad damnum.    Court cannot amend itself into jurisdiction.*

1.  Jurisdiction cannot be conferred by consent, and a suit will be dismissed at any stage when want of jurisdiction appears.

2.  The county court cannot confer jurisdiction upon itself by an amendment of the *ad damnum*.

Trespass *vi et armis.*    Plea, the general issue.    Trial by jury at the September term, 1895, Windham County.    Verdict for the plaintiff.    After verdict and before judgment the defendant moved to dismiss for want of jurisdiction.    Motion overruled.    The defendant excepts.

*C. C. Fitts* and *Haskins & Stoddard* for the defendant.

*Waterman, Martin & Hitt* for the plaintiff.

The defect being one of process, the defendant waived it by pleading to the merits.    *Huntly* v. *Henry*, 37 Vt. 165 ; *Eaton* v. *Houghton*, 1 Aik. 380 ; *Hammond & Draper* v. *Wilder & Locke*, 25 Vt. 349 ; *Lyman* v. *C. V. Rd. Co.*, 59 Vt. 167 ; *Lamphere* v. *Cowen*, 42 Vt. 175.

The exceptions do not state the ground on which the defendant relied.    *Stilphen* v. *Read*, 64 Vt. 400 ; *State* v. *Hodgson*, 66 Vt. 134 ; *Kenney et al.* v. *Howard*, 67 Vt. 375.

THOMPSON, J.　This is an action of trespass *vi et armis* brought originally in the County court.　The *ad damnum* of the writ is five dollars.　The defendant appeared, plead the general issue, and a trial by jury was had, resulting in a verdict for the plaintiff for eight dollars and thirty-two cents damages.　After verdict and before judgment, the defendant moved to dismiss the suit for want of jurisdiction.　His motion did not specify the precise ground upon which he bases his claim that the county court had no jurisdiction of the action, but it alleged that such ground appeared from the writ to which reference was made.　The court below overruled this motion, to which ruling the defendant excepted.

It is provided by V. S., s. 1040, that a justice shall have jurisdiction of an action of this kind where the matter in demand does not exceed two hundred dollars.　V. S., s. 1009, provided that the county court shall have original and exclusive jurisdiction of all original and civil actions, except those made cognizable by a justice.　From the provisions of these two sections of the statutes, it is apparent that the county court had no jurisdiction of this case.　Jurisdiction cannot be conferred by the consent of the parties.　The court before which a cause is pending, will dismiss it at any state of it, when it is discovered that such court has no jurisdiction.　An objection to jurisdiction over the subject matter is never out of time.　*Chittenden* v. *Hurlburt*, 1 D. Chip. 384 ; *Glidden* v. *Elkins*, 2 Tyler 218 ; *Southwick* v. *Merrill*, 3 Vt. 320 ; *Putney* v. *Bellows*, 8 Vt. 272 ; *Stoughton* v. *Mott*, 13 Vt. 175 ; *Shepherd* v. *Beede*, 24 Vt. 40 ; *Thayer* v. *Montgomery*, 26 Vt. 491 ; *French* v. *Holt*, 57 Vt. 187 ; *Niles* v. *Howe*, 57 Vt. 388 ; *Goodnow* v. *Worcester*, 58 Vt. 381.

If the statement of the *ad damnum* at five dollars was a clerical error, as it probably was, yet the county court could not confer jurisdiction upon itself by amendment of the writ or declaration.　The declaration contains no statement of the amount of damages claimed, except the *ad damnum*.　In this

respect it differs from *Lamphere* v. *Cowen*, 42 Vt. 180, cited by the plaintiff. In that case, the writ contained no *ad damnum*, but the declaration was in the usual form in general assumpsit for money paid, alleging an indebtedness of the defendant to the plaintiff to the amount of two hundred dollars. The question of jurisdiction was not raised. The precise question decided in that case was that "a writ and declaration, wanting in nothing but an *ad damnum*, is amendable in that particular."

The defendant's motion was sufficient to raise the question of jurisdiction. The lack of jurisdiction was patent on the face of the writ and declaration. The failure of the defendant to state the precise ground of his motion, could not confer jurisdiction.

*Judgment reversed, motion to dismiss for want of jurisdiction sustained, and cause dismissed with costs to defendant.*