## John Kelley *vs.* The Town of Moretown.

January Term, 1899.

Present: Taft, C. J., Rowell, Tyler, Start, Thompson and Watson, JJ.

Opinion filed May 31, 1899.

*Jurisdiction.*—Under the charter of the city of Barre, the city court has no jurisdiction of a cause unless one of the parties thereto resides in the city or town of Barre, or unless both are non-residents of the State; and the county court upon appeal has none.

*Jurisdiction—Pleading.*—Advantage may be taken of such want of jurisdiction at any stage of the proceedings.

*Jurisdiction—Pleading.*—The charter provision is distinguishable from the statute governing the place of trial in actions before justices, where advantage must be taken by dilatory plea or motion, for in those cases jurisdiction does not depend upon the residence of the parties.

General and Special Assumpsit. Plea, the general issue. Trial by jury, at the March term, 1898, Washington county, *Munson*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

*Senter & Goddard* for the defendant.

*John W. Gordon* for the plaintiff.

Watson, J. The defendant was summoned before the city court of the city of Barre, in an action of general and special assumpsit, "to answer to John H. Kelley of Moretown, R. W. Kelley, plaintiff in interest of town of Barre, in the county of Washington." The special count in the declaration is based upon a contract alleged to have been made by the defendant with the plaintiffs for the use and occupation of a certain dwelling-house owned by the plaintiffs. Judgment was rendered for the plaintiffs in the city court and the defendant appealed therefrom to the county court. On trial of the case in the county court, the only contract or cause of action upon which the plaintiffs sought to recover, was that set forth in the special count.

It appeared by the evidence introduced that the house in question was owned by John Kelley, and that R. W. Kelley, at the time of said contract for renting, had no interest therein; that the contract, under which it was used and occupied by the defendant, was made with John Kelley alone, and that the claim for the use and occupancy of the house, here sought to be recovered, after it had accrued against the defendant and before the bringing of this suit, was assigned to R. W. Kelley whose sole interest therein was as such assignee.

After the evidence was closed, the defendant moved for a verdict "for the reason of a variance between the proof and the declaration; the declaration putting the cause of action in both of these plaintiffs, and the evidence in favor only of the plaintiff John."

In an action at law to recover a non-negotiable chose in action, all parties named as plaintiffs must be privy to the contract declared upon, for no one can sue or be sued upon a contract who is a stranger to it. Dicey on Parties to Actions, 10, 78; 1 Chit. Pl. 2; *Hall* v. *Huntoon*, 17 Vt. 244.

If R. W. Kelley is to be treated as a co-plaintiff, the variance between the contract proved and the one alleged in the declaration is material and would be fatal to the action, at common law; *Vail* v. *Strong*, 10 Vt. 457; *Mann* v. *Birchard*, 40 Vt. 326; but, under § 1148, V. S., the writ and declaration would be amendable by striking out the name of R. W. Kelley, improperly joined as plaintiff, thereby leaving, as sole plaintiff, John Kelley, who, as appeared by the evidence introduced on the trial, at the time of the commencement of this action, resided in the town of Berlin and not in the city or town of Barre.

At the close of the evidence for the plaintiffs, the defendant moved that the action be dismissed for that the city court in which the action was commenced, had no jurisdiction, and to the overruling of this motion the defendant excepted.

In determining this question, it makes no difference

whether R. W. Kelley is treated as a co-plaintiff improperly joined, with the writ and declaration to be amended as hereinbefore indicated, or as being named in the writ simply to show that he is the plaintiff in interest and that the suit is brought for his benefit; either way, the legal plaintiff is John Kelley, and the question of jurisdiction must be determined upon that basis.

It is provided by § 24 of the city charter, that "The city court shall have jurisdiction of all actions of a civil nature, if either of the parties reside in the said city or town of Barre at the time of the commencement of the action, or if neither party reside in the State at such time . . . . . where the debt or other matter in demand does not exceed five hundred dollars."

The plaintiffs' contention that these provisions so much resemble those in § 1040, V. S., defining the jurisdiction of a justice, as to warrant a similar construction, is not tenable. The jurisdiction of a justice of the subject matter is determined wholly by the amount of the debt or other matter in demand, without regard to the residence of the parties; *Bell* v. *Mason*, 10 Vt. 509; *Parkhurst* v. *Spalding*, 17 Vt. 527; *Danforth* v. *Streeter*, 28 Vt. 490; *Edgerton* v. *Smith*, 35 Vt. 573; but the place where writs in justices' suits shall be made returnable is determined by the residence of the parties, if either is an inhabitant of the State—§ 1146, V. S.—and if such writ is made returnable in any other town than where one of the parties resides, it is but an irregularity of process, and is waived by the defendant, unless advantage thereof be taken within the rules of dilatory pleading; *Collamer* v. *Page*, 35 Vt. 387; *Eaton* v. *Houghton*, 1 Aik. 380; while the jurisdiction of the city court depends not only on the fact that the amount of the debt or other matter in demand does not exceed five hundred dollars, but also on the fact that one of the parties, if a resident of the State, resides in the city or town of Barre at the time of the commencement of the action. These two

facts are jurisdictional and must concur. If either is wanting, the court has no jurisdiction of the subject matter.

In the case at bar, both parties resided in the State and neither party resided in the city or town of Barre, at the time of the commencement of the action, and the city court had no jurisdiction of the subject matter, and could acquire none by consent of the parties. It follows that the county court had no jurisdiction. That the question of want of jurisdiction may be raised at any stage of the case, has been determined by this court in numerous cases, the last of which is *Sanders* v. *Pierce*, 68 Vt. 468.

> *Judgment reversed, motion to dismiss for want of jurisdiction sustained, and cause dismissed with costs to defendant.*