IN RE JOSEPH E. GORDON.

February Term, 1933.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed May 2, 1933.

*Marcell Conway* for the petitioner.

*Lawrence C. Jones,* Attorney General, and *F. Ray Keyser,* State's attorney for the petitionees.

POWERS, C. J. The petitioner was convicted in the courts of the state of New York of the crime of bigamy—a felony in that jurisdiction. Having served a part of the prison sentence imposed upon him, he was paroled in the constructive custody of the warden of Sing Sing Prison. One of the conditions of his parole was that he should not depart the state of New York without the written consent of the commissioner of correction of that state. On his application, he was granted a leave of absence from that state for a period not exceeding three days. Thereunder, he left that state on June 13, 1932, and on the next day he arrived in this State, where he has since remained. He was duly declared delinquent by the New York authorities and a warrant for retaking him was issued July 5, 1932. He was located in this State and application was made to the Governor of New York for a requisition on the Governor of this State for the apprehension and surrender of the petitioner to officers of the state of New York that he might be returned to

that state there to be dealt with according to law. Such requisition was granted and was presented to the Governor of this State. Upon consideration it was granted, and in due time the Governor of this State executed his warrant for the arrest and surrender of the petitioner. This warrant was executed by the arrest of the petitioner, and he is now in the custody of the sheriff of Orange County. The petitioner made application to a superior judge for a writ of *habeas corpus,* and, when it was denied, he filed a like petition with a Justice of this Court, which was adjourned into the February Term of this Court and has been fully heard and considered.

The rights of the petitioner depend largely upon the character and effect of his parole. A parole is a conditional release of a convict before the expiration of his, term of imprisonment. It partakes of the nature of a conditional pardon. *Fuller* v. *State,* 122 Ala. 32, 26 So. 146, 45 L. R. A. 502, 82 A. S. R. 1; *In re Conditional Discharge of Convicts,* 73 Vt. 414, 429, 51 Atl. 10, 56 L. R. A. 658. Its purpose is reformatory rather than punitive; and its effect is to keep the prisoner in legal custody, though he be allowed to live outside the prison walls. *In re Eddinger,* 236 Mich. 668, 670, 211 N. W. 54. As long as it remains in force and the prisoner is not fully discharged, he is constructively a prisoner of the state and in its custody. *Ex parte Heckman,* 90 Cal. App. 700, 266 Pac. 585, 587. It may be made subject to any conditions provided they are not unlawful, unreasonable, immoral, or impossible of performance; and when accepted by the prisoner—especially when agreed to in writing as they were here—the conditions became binding upon him. *Fuller* v. *State, supra.*

By the terms of the parole here in question, assented to by the petitioner as aforesaid, disobedience to any of the conditions therein imposed was to be a violation of it, and make the petitioner delinquent and subject to re-arrest and return to prison. The delinquency of the petitioner is here admitted, and it only remains to consider the regularity of the extradition proceedings. Of this, it is enough to say that we find no substantial defect in the record. The papers are complete and sufficient. The essentials are confirmed by the agreed statement of facts herein filed. The record establishes beyond question the fact that the petitioner utterly disregarded the condition imposed upon him, and the parole having been vacated, he is

in the eye of the law a fugitive from justice and subject to extradition. *Ex parte Williams,* 10 Okla. Cr. 344, 346, 136 Pac. 597, 51 L. R. A. (N. S.) 668; *People ex rel. Hutchings* v. *Mallon,* 218 App. Div. 461, 466, 218 N. Y. S. 432, and cases cited; *Drinkall* v. *Spiegel,* 68 Conn. 441, 449, 36 Atl. 830, 36 L. R. A. 486.

*Judgment that the petitioner is not illegally restrained of his liberty, and that he be remanded to the custody of the sheriff of Orange County that the mandate of the executive warrant may be carried into effect.*