JOHN BESSETTE *v*. ST. ALBANS CO-OPERATIVE CREAMERY, INC.

November Term, 1934.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and
SHERBURNE, JJ.

Opinion filed January 2, 1935.

104

*M. H. Alexander* for the defendant.

106

*W. E. Tracy* for the plaintiff.

THOMPSON, J. This is an appeal from a justice court. Declaration, the common counts in assumpsit. Plea, the general issue. There was a trial by court on an agreed statement of facts. Judgment was rendered for the defendant to recover its costs. The plaintiff excepted.

The following facts appear in the agreed statement. The plaintiff is a farmer and has lived in the town of Fairfax for many years. The defendant is a co-operative corporation organized and doing business under the provisions of No. 141 of the Acts of 1915, which act is now embodied in chapter 239 of the Public Laws. Its articles of association comply with the requirements of section 3 of the act of 1915 (P. L. 5791). It was organized for the purpose of manufacturing and selling dairy and other farm products and the purchase of general farm supplies. It has a capital stock of fifty thousand dollars divided into five thousand shares of the par value of ten dollars each. It began doing business about 1918. By-laws were adopted by its stockholders before it began doing business. The by-laws material in this case are as follows:

"Article I"

"Sec. 2. The membership of this corporation shall be confined to persons residing in Franklin County, Vermont, and actually engaged in some form of agricultural enterprise, who hold at least ten shares of stock and have been approved as an eligible candidate for membership by a majority vote of the directors.

Members shall be permitted to withdraw only as follows: The member desiring to withdraw shall give at least one month's notice of his application thereof. Such application shall be allowed only on a vote of two-thirds of all the directors present and voting at any meeting."

"Sec. 4. The acceptance by a member of a stock certificate shall constitute a contract between such member and the corporation and assent of such stockholder to these by-laws and to amendments legally adopted."

"Sec. 5. Each member of the corporation becomes subject to and accepts and agrees to abide by these rules and regulations and all future amendments enacted by the corporation."

"Article IX"

"Sec. 4. If any member of the corporation desires to dispose of his share or shares, he shall first offer to sell the same to the corporation at par value; if the corporation declines to purchase, the member may find a purchaser acceptable to the corporation and have his share or shares transferred to said purchaser on the books of the corporation in accordance with the rules. * * *"

"Sec. 5. Any member, without reasons satisfactory therefor to the corporation, refusing to deliver at the creamery the milk, cream, or other produce agreed to be there delivered, shall forfeit to the corporation all interest in the product on hand, in the surplus fund, and stock in the corporation."

This last quoted by-law is printed on the face of each certificate of stock, and below it is printed: "By the acceptance of this certificate the owner thereby assents to and agrees to abide by all By-laws, Rules, and Regulations of this Corporation and amendments thereof legally adopted."

The plaintiff became a member of the defendant some time about the year 1919, and continued his membership until August 15, 1926, during which time he received certificates for forty-eight shares of the capital stock of the defendant. On August 15, 1926, he, without giving reasons therefor, refused to further deliver milk or milk product to the creamery of the defendant as he had agreed to do, and he gave no notice of his withdrawal as called for by the by-laws, and since then he has

not delivered any milk or milk product to the defendant, although requested so to do.

A meeting of the directors of the defendant was held on December 3, 1926, the plaintiff and other stockholders having been notified to appear on that day "to state their reasons why their stock should not be forfeited." The plaintiff did not appear at the meeting, and his stock was thereupon declared forfeited by the directors of the defendant.

The substance of the contention of the plaintiff is that section 5, of Article IX of the by-laws of the defendant, which provides for the forfeiture of the corporate stock of a member who, without reasons satisfactory to the defendant, refuses to deliver at its creamery milk, cream, or other produce agreed to be delivered there, is invalid and unenforceable because the defendant did not have the legal power to adopt a by-law providing for the forfeiture of such stock.

■ That a provision in the charter of a corporation that its directors may require payment of stock subscriptions under the penalty of forfeiture of all previous payments thereon is valid, is recognized by this Court in *Connecticut & Passumpsic Rivers R. R. Co.* v. *Bailey*, 24 Vt. 465, 58 A. D. 181; and *Rutland & Burlington R. R. Co.* v. *Thrall*, 35 Vt. 536.

G. L. 4908 (P. L. 5802) provides, among other things, that the by-laws of a corporation "may contain any other provisions regulating the affairs of the corporation, which are consistent with law and with the articles of association." The defendant contends that this provision of the statute does not apply to the defendant and that it did not give it authority to adopt the by-law in question. However that may be, it is not necessary to consider that question.

■ It is well settled that a by-law which is invalid and unenforceable as such may be enforceable as a contract against stockholders or members who were parties to its adoption or who have accepted or assented to it, except where it is beyond the power of the corporation to contract. 8 Fletcher Cyc. Corp. 736; Clark & Marshall on Corporations, § 493; *New England Trust Company* v. *Abbott*, 162 Mass. 148, 38 N. E. 432, 27 L. R. A. 271; *Jennings* v. *Bank of California*, 79 Cal. 323, 21 Pac. 852, 5 L. R. A. 233, 12 A. S. R. 145; *Blue Mt. Forest Assn.* v. *Borrowe*, 71 N. H. 69, 51 Atl. 670; *Weiland* v. *Hogan*, 177 Mich. 626, 143 N. W. 599.

In 8 Fletcher Cyc. Corp., *supra*, it is said : "The power of a natural person to make contracts not prohibited by law, is, in its scope, far beyond the power of a corporation to adopt by-laws, and although a regulation, adopted by the corporation, be not enforceable, considered strictly as a by-law, it may be enforceable as a contract against a stockholder or member or director who agrees to be bound by it, provided it is not of itself illegal or *ultra vires* the corporation."

In *New England Trust Company* v. *Abbott, supra,* the court said : "The defendant contends that these by-laws are void. We have not found it necessary to consider that question, and we express no opinion upon it. We think that the case may well stand on the ground that the defendant's testator entered into an agreement with the plaintiff to do what the plaintiff now seeks to compel his executor to do. It is manifest that a stockholder may make a contract with a corporation to do or not to do certain things in regard to his stock, or to waive certain rights, or to submit to certain restrictions respecting which the stockholders might have no power of compulsion over him."

In Clark & Marshall on Corporation, *supra,* the authors referring to provisions for the forfeiture of stock for the non-payment of stock subscriptions, say : "It is perfectly competent, however, even in the absence of any provision in the charter or general law, for a stockholder to expressly agree to a forfeiture or sale for nonpayment, as by a provision in the contract of subscription or indorsed on the certificate of stock. And even when a by-law to this effect is adopted without the unanimous consent of all the stockholders, those who do consent will not be heard to complain of a forfeiture or sale of their shares in accordance with its provisions."

 The by-law in question is printed on the face of each certificate of stock issued to, and accepted by, the plaintiff, and, also, there is printed thereon the substance of by-laws, article I, § 4, that : "The acceptance by a member of a stock certificate shall constitute a contract between such member and the corporation and assent of such stockholder to these by-laws and to amendments legally adopted."

By accepting the certificates of stock without objection, the plaintiff must be held to have agreed to the conditions on the face of the certificates, and to be bound by the by-laws. The fact that the conditions were contained in by-laws, which may have

been invalid as such, a question we do not consider, does not render his agreement void if the contract was in substance one which the corporation had the power to make, and it was not contrary to public policy.

No provision of our statute law nor any rule of common law has been called to our attention which prohibited the defendant from making such a contract. We have recognized the fact that a stockholder can make a valid contract with a corporation for the forfeiture of his stock for nonpayment of a stock subscription, and we know of no reason why a stockholder cannot contract with a corporation for the forfeiture of his stock for failure to comply with other conditions. We are of the opinion that the defendant had the power to make the contract in question.

The contract was not void as being against public policy. It was wholly of private concern between the plaintiff and the other members of the defendant in their corporate capacity. Nothing appears in the record from which it can be said that it was injurious to the interests of the public or contravened some established interest of society. *Osgood* v. *Central Vermont Ry. Co.*, 77 Vt. 334, 60 Atl. 137, 70 L. R. A. 930. Nor, on the record, can it be said that it was illegal as being in restraint of trade.

*Judgment affirmed.*