VERMONT SUPERIOR COURT

Franklin Unit

17 Church Street

St. Albans, VT 05478

802-524-7997

www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-03706

---

Richford Health Center, Inc., v. Town of Richford, Vermont

---

## DECISION AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO AMEND COMPLAINT

This matter is before the Court on an appeal filed by Plaintiff Richford Health Center, Inc. ("RHCI") seeking review of the decision of the Richford Board of Civil Authority ("BCA"), pursuant to 32 V.S.A. § 4461(a). RHCI is a Federally Qualified Health Center ("FQHC") that is exempt from property tax under 32 V.S.A. § 3802(16). This appeal concerns RHCI's claim that the grocery store it owns and operates on the same parcel as its Health Center is also exempt from taxation. The BCA determined that it did not have the authority to determine the tax-exempt status of property, only to determine valuation.

The Town of Richford ("The Town") moved for summary judgment pursuant to V.R.C.P. 56. The Town moved on the basis that (1) the Court lacks jurisdiction as RHCI appealed from a decision of the BCA rather than seeking a declaratory judgment, and (2) the grocery store parcel does not qualify for any Vermont statutory tax exemption. The procedural issue is now moot as RHCI filed a motion to amend its complaint to include a declaratory judgment for tax-exempt status. That unopposed motion to amend is granted. As such, the Court does not reach the procedural issue; the sole issue is whether, based on the undisputed facts, the grocery store owned by RHCI qualifies for a property tax exemption. For the reasons stated below, the Court denies Defendant's motion for summary judgment.

## I. Standard for Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); *Gallipo v. City of Rutland*, 163 Vt. 83, 86 (1994).

A motion for summary judgment must be accompanied by a statement listing the undisputed material facts support the motion. The non-moving party then may dispute those facts and additionally "file a separate and concise statement of additional material facts." V.R.C.P. 56(c)(2). The moving party is then required to respond to the additional statement of facts to explain why they are not disputed or not material.

If a party fails to address a fact as Rule 56(c) requires, a court may "consider the fact undisputed for purposes of the motion," among other options. V.R.C.P. 56(e). Parties must support all facts presented by admissible evidence, and the Court will disregard conclusory facts and conclusions of law. *H & E Equipment Services, Inc. v. Cassani Electric, Inc.*, 2017 VT 17, ¶ 20, 204 Vt. 559.

In deciding a motion for summary judgment, the Court will give the non-moving party the benefit of all reasonable doubts and inferences. *Robertson v. Mylan Labs., Inc.*, 2004 VT 15, ¶ 15, 176 Vt. 356.

## II. Undisputed Material Facts

The facts of this case are relatively straightforward and mostly undisputed. Richford Health Center is a Federally Qualified Health Center, as that term is understood under federal law. It is governed by a board of directors, offers care on an ability-to-pay sliding scale, and is dedicated unconditionally to public use.

RHCI operates its health center at 44 Main Street in Richford, Vermont. The parcel on which the health center is located contains five separately owned units, labeled A through E. Unit A houses Main Street Market, the grocery store at issue in this matter.

RHCI purchased Main Street Market ("the Market") in 2022 after it was scheduled to close. The Market is the only grocery store in the Town of Richford. It provides access to food and nutrition for residents. Additionally, the Market incorporates programs directly tied to public health, including nutrition education, SNAP access assistance, farm-to-plate initiatives, transportation support, a research grant-based produce prescription program, and participation in a voucher-based "Food is Medicine" program.

The Richford Board of Listers placed the Market on the grand list as taxable property and issued tax bills accordingly. RHCI asked the Board of Listers to reconsider that determination and then appealed to the BCA, which concluded that it lacked authority to decide tax-exempt status. RHCI thereafter sought relief in this Court.

## III. Conclusions of Law

This matter raises two questions: (1) Is the tax exemption under section 3802(16) for FQHCs a use or ownership-based exemption? (2) If it is use-based, does the Market fall within the use-based requirement? The Court answers those questions below.

### A. 32 V.S.A. § 3802(16) Is a Use-Based Exemption

The first question is does 32 V.S.A. § 3802(16) apply to all real and personal property owned by a FQHC, or does the statute implicitly requires that the FQHC use the property for a particular purpose. Subsection 16 states the following property is exempt from taxation:

Real and personal property owned by a federally qualified health center or a free standing, federally designated rural health clinic, provided such center or clinic is governed by a community board of directors, offers care on a sliding scale based on ability to pay, is owned and operated on a nonprofit basis, is unconditionally dedicated to public use that directly benefits an indefinite class of the public, and confers a benefit on society. Notwithstanding any provision of law to the contrary, this exemption shall apply without the need for a vote of the town or municipality in which such property is located.

Interpreting this statute requires the Court to determine the Legislature's intent. The Court begins with the plain language of the statute, read as a whole and in context. *Davila v. Deml*, 2025 VT 39, ¶ 10; *State v. Berard*, 2019 VT 65, ¶ 12, 211 Vt. 39. If the words are inconsistent with the legislative intent, then the Court will consider the statute's "subject matter, effects and consequences, as well as the reason and spirit of the law." *Id.; Delta Psi Fraternity v. City of Burlington*, 2008 VT 129, ¶ 7, 185 Vt. 129. In the case of property tax exemptions, the legislature awards exemptions generally for the public benefit provided by the property. See 32 V.S.A § 3800; *Governor Clinton Council, Inc. v. Koslowski*, 137 Vt. 240, 249 (1979). Vermont courts strictly interpret tax exemptions against the party claiming them. *Delta Psi Fraternity,* 2008 VT 129, ¶ 17. Tax exemptions are justified only when the property performs essential public services that reduce the public burden. *Vermont Coll. of Fine Arts v. City of Montpelier*, 2017 VT 12, ¶ 17, 204 Vt. 215.

The Court agrees with RHCI that the plain reading of subsection 16 would lead to the conclusion that it is an ownership-based exemption and not a use-based exemption. The modifying language in the statute describes what a FQHC is, not what it must do. However, this reading is contrary to a long history of Vermont Supreme Court cases that have held that most exemptions in § 3802 explicitly limit the exemption to property used for specific purposes. *See, e.g., id.* and *Governor Clintin Council*, 137 Vt. 244-249. Even without an explicit use requirement, the Court can imply one to prevent conflicting legislative intent. *Vermont Coll. of Fine Arts*, 2017 VT 12 at ¶ 17. Without such limitations, exemptions might include property for purely commercial use, contradicting the public-benefit reason for tax exemptions. *Id*. at ¶¶16-24. Critically for the purpose of analyzing subsection 16, the Vermont Supreme Court already stated in dicta in *Delta Psi* that 3802(16) is a use-based restriction. *Delta Psi Fraternity,* 2008 VT 129, ¶ 17.

Given the Supreme Court's historical reasoning in tax exemption cases and the dicta in *Delta Psi*, the Court finds that the exemption for FQHCs is use-based. If the Court did not imply a use-based requirement, there would be no limiting principal on what FQHC's could do with property they owned. They could claim a tax exemption for running a parking lot, an amusement park, or a movie theater and remove them entirely from the tax base. Such an outcome would contradict the legislative intent of exemptions, which are reserved for those properties that

provide a public benefit. See *State v. Phillips*, 2024 VT 10, ¶ 10, 219 Vt. 111 (stating courts should avoid interpretations that would conflict with the legislative purpose of a statute).

RHCI argues against the Court reading an implied use requirement into the exemption, stating that such a requirement renders subsection 16 redundant because the requirements would mirror subsection 4, which requires a use for a charitable purpose to be exempt. 32 V.S.A § 3802(4). RHCI's argument has some logic to it, and is consistent with courts' general objective to interpret statutes to avoid redundancy and give every part a specific meaning. *In re Miller*, 2009 VT 36 ¶ 14, 185 Vt. 550. But the Vermont Supreme Court has addressed overlapping subsections in section 3802 and has accepted redundancies in light of the statutory scheme. In *Vermont College of Fine Arts*, the court ruled that a school may seek a public use exemption under section 3802(4) even if a specific public-school exemption exists. 2017 VT 12, ¶ 15. The Court explained that the legislature created both a specific exemption and a general exemption, which are not mutually exclusive. *Id.* The taxpayer could apply for both.

Additionally, subsection 16 has language that sets it apart from subsection 4: 3802(16) applies "without the need for a vote of the town or municipality in which such property is located," a clause not present in section 3802(4). 32 V.S.A § 3802(16). Therefore, the Court finds the surplusage argument unpersuasive, based on the Supreme Court's reasoning and on the difference between the two subsections.

Given the reasons discussed above, this Court finds that there is a use-based requirement for 32 V.S.A. § 3802(16).

*B. Factual Questions Remain Concerning RHCI's Use of the Parcel*

Next, the Court considers what use qualifies for the exemption and whether the Town is entitled to summary judgment because RHCI cannot carry its burden to prove that the Market operates in a manner that qualifies for a tax exemption based on its use.

The Vermont Supreme Court defines the required use based on the "public benefit" of the property. *Vermont Coll. of Fine Arts v. City of Montpelier*, 2017 VT 12, ¶ 17. FQHCs provide a public benefit through the health services they offer to "a population that is medically underserved." The statutory scheme does not define services offered by the FQHC. However, the Legislature anchored the section 3802(16) exemption to "federally qualified health centers," a term that has a specific statutory meaning under federal law. When the Legislature uses a federally defined term, courts presume it intends to incorporate that federal definition. *Dupuy v. McColgan*, 112 Cal. App., 246 P.2d 155, 158 (1952).

Under 42 U.S.C. § 254b(a), a "health center" must provide (A) "required primary health services" and may provide (B) "additional health services ... necessary for the adequate support" of those primary services. Required primary health services include clinical, diagnostic, preventive, emergency, and pharmaceutical services, as well as referrals, case management, and

patient education. 42 U.S.C. § 254b(b)(1). The statute defines "Additional health services" as services not included within primary care but that are "appropriate to meet the health needs of the population served." 254b(b)(2). The statute provides a nonexclusive list of examples including behavioral health, substance-use disorder treatment, and environmental health services, including water quality, air quality, sewage treatment, solid waste disposal, and mitigation of chemical or lead exposure. *Id.* The Federal Regulation interpreting this statute lists "public health services (including nutrition education and social services)." 42 C.F.R. § 51c.102(j)(11).

The Court concludes that for real or personal property of a FQHC to be exempt under 3802(16), it must fall within the primary health services or additional health services as defined in 42 U.S.C. § 254b(a–b) and its regulations. There is no dispute that RCHI is a FQHC that provides both primary and additional health services. The only question is whether RHCI will be able to prove that its use of unit A of its parcel is a use that fits under the exemption for FQHCs by providing required primary health services or additional health services, as those terms are defined by federal law.

The Court bases its decision on the undisputed facts established by the parties. Notably, RHCI submitted an additional statement of undisputed facts, which the Town did not respond to. The Court considers these facts undisputed. V.R.C.P. 56(c)(3); *Gallipo v. City of Rutland*, 2005 VT 83, ¶ 30, 178 Vt. 244.

The list of additional health services is non-exhaustive, with the primary question being whether the service is "appropriate to meet the health needs of the population served." 42 U.S.C. 254b(a). The basic meaning of health is the "quality, state, or condition of being sound or whole in body, mind, or soul." Black's Law Dictionary, health (12th ed. 2024). It is undisputed that an individual needs food and nutrition to be "sound in body." See *Rhode Island State Council of Churches v. Rollins*, 158 F.4th 304, 307 (1st Cir. 2025) (stating "food security is a critical factor in health and well-being"). The Code of Federal Regulations specifically includes public health services, including nutritional education, in its definition of supplemental health services.

The facts show that the Market is the only grocery store in Richford, which is a food-scarce area. Nutrition is a critical part of overall health. RHCI provides access to fresh produce, SNAP, local farm-to-plate programs, nutrition education, and transportation projects. Additionally, RHCI provides health services through the Market, such as the "Food is Medicine" program and the produce prescription program, which encourage access to healthy food and nutrition. On this record, the Town has not demonstrated that it is entitled to summary judgment. Considering all facts in the light most favorable to RHCI, at least some of these activities fall within the statutory and regulatory definition of "additional health services" applicable to federally qualified health centers. See 42 U.S.C. § 254b(b)(2); 42 C.F.R. § 51c.102(j)(11). There are further factual issues to be explored to determine whether the Market itself or the discrete programs offered by it qualify as an additional health service.

In its opposition, RHCI noted that it too is seeking summary judgment. The record before the Court does not establish as a matter of law that the Market qualifies for a tax exemption as a matter of law. Although the undisputed facts show that the Market supports RHCI's mission and offers programs that qualify as additional health services, the record lacks sufficient facts to answer certain questions. Does operating a grocery store itself—apart from the programs run out of the market—qualify as an additional health service under federal law? Additionally, the record does not establish whether providing health-related services, rather than the retail sale of groceries, is the Market's primary purpose. *Vermont Coll. of Fine Arts v. City of Montpelier,* 2017 VT 12, ¶ 23 (highlighting "it is the primary function of the property . . . that determines the property's taxable status"). At this stage, the record does not show how much of the Market's operations are devoted to grocery retail versus health-related services, including how space, staff, and daily operations are divided. Furthermore, the Court is left unsure what, if any, effect the Market's operation as a non-profit has on the analysis in this case. These issues require further factual development and cannot be resolved on summary judgment.

As such, the Town has not met its burden as the movant to demonstrate that it is entitled to summary judgment. The Town has not established that there are no facts existing under which RHCI would qualify for a tax exemption for Unit A under section 3802(16).

## IV.    Order

The Court denies the Town's motion for summary judgment for the reasons stated above. The Court grants the unopposed motion to amend the complaint.

The Court will set this matter for a pretrial conference.

Electronically signed on December 22, 2025, pursuant to V.R.E.F. 9(d).

Navah C. Spero
Superior Court Judge